In the Matter of the Estate of IGNACIA BABAUTA CHAR-GUALAF, Deceased Appellant

In the Matter of the Application of JOAQUIN T. ESPINOSA and TATSUE ESPINOSA, Husband and Wife, Petitioners for Registration of Lot No. 264, Merizo, Guam, Appellees

## Civil No. 76-026A

## District Court of Guam

Appellate Division

## June 1, 1977

429

Before DUENAS and WONG, *District Judges*, and HEF-NER, *Designated Judge*

PER CURIAM

## MEMORANDUM OPINION

This appeal is an appeal from a decision of the Superior Court of Guam entered on July 18, 1974, involving a hearing on two petitions filed in the Island Court of Guam and tried in the Island Court of Guam, but transferred to the Superior Court of Guam by the Court Reorganization Act, Public Law 12–85. The two petitions were filed in Probate Case No. 39-70, In the Matter of the Estate of Ignacia Babauta Chargualaf, aka Ignacia Chargualaf Espinosa, and in Land Registration Case No. 18-71, In the Matter of the Application of Joaquin T. Espinosa and Tatsue Espinosa, Husband and Wife, for the registration of a parcel of land designated as Lot No. 264, Municipality of Merizo, Guam.

## FACTS

Ignacia Babauta Chargualaf died sometime in 1944. On May 27, 1970, Domingo T. Espinosa filed a Petition for Letters of Administration. The heirs of Ignacia were listed as:

Carmen C. Manalisay, daughter;
Pedro C. Espinosa, son (deceased) ;
    Domingo T. Espinosa, grandson (son of Pedro) ;
    Rosa E. Lujan, granddaughter (daughter of Pedro) ; and
    Joaquin T. Espinosa, grandson (son of Pedro).

On November 18, 1970, Judge Benson, sitting as a judge of the Island Court of Guam, granted a Decree of Final Distribution which distributed all of Ignacia's property, namely Lot No. 264, Merizo, to Joaquin T. Espinosa and his wife, Tatsue Espinosa. The distribution was made on the basis that on May 25, 1970, all of the other heirs waived

their interest in the estate in favor of Joaquin and Tatsue Espinosa. That Carmen Manalisay signed such a waiver is an admitted fact.

On February 16, 1971, the Espinosas filed a Land Registration Petition in the Island Court of Guam for the registration of Lot No. 264. On March 19, 1971, Carmen Manalisay filed an entry of appearance and an opposition to the Land Registration Petition. On May 26, 1971, Judge Vicente Reyes entered a Decree Establishing Title in the names of the Espinosas.

On May 10, 1971, Manalisay filed a Petition to Set Aside Waiver and Decree of Distribution in the Probate Case. It does not appear from the record that Manalisay ever filed a petition to set aside the Land Registration Decree. The Petition came before Judge Benson for hearing on May 22–23, 1974. At the beginning of the hearing, the proceeding was classified by the court clerk and counsel for Manalisay as a "hearing on a petition to set aside the decree of distribution and the decree of registration of title in the respective cases". Both Manalisay and the Espinosas were represented at the hearing. The hearing resulted in a decision by Judge Benson denying the petition to set aside the decree of distribution and granting the petition to set aside the Decree Establishing Title in the Land Registration case.

The only matter on appeal is the denial by Judge Benson of the Petition to set aside the Decree of Distribution in the Probate Case.

## TRIAL COURT HAD NO JURISDICTION TO ENTERTAIN PETITION

Appellant attempted to overturn and repeal the Decree of Final Distribution in the Probate Court. Unfortunately, appellant's avenue was ill chosen. The decree of distribution entered by the Island Court on November 18,

431

1970, was a final order, and the Island Court had no power to revoke its order. Appellant's proper remedy would be to collaterally attack the decree of distribution in an equitable action for the purpose of impressing a constructive trust upon Lot No. 264. A case directly on point is *Hewett v. Linstead*, 122 P.2d 352, District Court of Appeal, California (1942). In *Hewett*, the plaintiffs were heirs who had not been listed in the Petition for Letters of Administration and were not included in the Decree of Distribution. They attacked the Decree in an equitable action to impress a constructive trust on the ground that the Decree of Distribution had been obtained either by mistake or fraud on the ground that they had either been inadvertently or intentionally left out of the proceeding by the petitioning heirs.

The Island Court had no jurisdiction to hear an equitable action to enforce a constructive trust on real property, since it was a court of limited jurisdiction and did not have equity jurisdiction for such purpose. Guam Code of Civil Procedure, § 83. At the time these proceedings took place, the only court in Guam with such jurisdiction was the District Court of Guam.

## FINDINGS OF TRIAL COURT

Even if the Island Court had had jurisdiction to entertain the petition, this court would not reverse the decision of the trial court.

The decision of the trial court established the following finding:

The court further finds that there was lack of evidence introduced by Carmen C. Manalisay to set aside the waiver and decree settling final account of administrator and final distribution entered by this court on November 18, 1970, whereby said property was distributed to Joaquin T. Espinosa and Tatsue Espinosa, husband and wife.

432

Mrs. Manalisay contended that the final decree of distribution was granted on the ground that she had signed a waiver waiving any interest in the Estate of Ignacia B. Chargualaf to appellees, Joaquin and Tatsue Espinosa. Mrs. Manalisay admits signing the waiver but contended that her signature was obtained by fraud committed by the appellees. More specifically, Mrs. Manalisay claims that appellee, Joaquin Espinosa, her nephew, represented to her that she was only giving him permission to build a house on her land and that she was not waiving her interest in the land to him.

■ The trial court found a lack of evidence to set aside the waiver. The record reflects ample evidence to support the finding of the trial court that no fraud was committed.

When the findings and judgment of the trial court are not against the clear weight of the evidence, the appellate court will not overturn the findings of the trial court. *In re Paull's Estate*, 254 P.2d 357 (Supreme Court of Oklahoma, 1950).

### CASE SHOULD BE REMANDED

■ In situations where a lower court was without jurisdiction to entertain the action in question, and that fact was not raised by the parties, the Appellate Court may notice the defect. While the Appellate Court does not have jurisdiction of the merits, it does have jurisdiction to correct the error of the lower court in entertaining the action. *United States v. Corrick*, 298 U.S. 435 (1936).

The case is remanded to the trial court with directions to dismiss the petition to set aside the final decree of distribution in Probate Case No. 39-70.